## MAUDE JACOBS, ROSEMARIE LARREUR, SAPHRONA PICKERING and PEARL HANLEY, Plaintiffs

v.

## ST. THOMAS/ST. JOHN FEDERATION OF TEACHERS (LOCAL 1825) and GOVERNMENT OF THE VIRGIN ISLANDS, Defendants

Civil No. 83/160

District Court of the Virgin Islands

Div. of St. Thomas and St. John

February 16, 1984

SORAYA DIASE, of Counsel (Law Offices of DESMOND L. MAYNARD), St. Thomas, V.I., *for appellants*

MARIA T. HODGE, St. Thomas, V.I., *for appellee*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

This appeal from the Territorial Court presents the question of whether the Government of the Virgin Islands (hereafter "Government") may, absent the written consent of employees to do so, deduct payments in lieu of dues from the paychecks of nonunion members of a collective bargaining unit. Plaintiffs, nonunion government employees, seek a refund of monies allegedly wrongfully withheld from their paychecks by the Government, plus a declaration by this Court that the unauthorized withholding of these monies is improper. As this Court finds that the Government may not make such deductions, we reverse the decision of the Court below. Judgment will enter accordingly.

## FACTS

Plaintiffs are employees of the Department of Education, who bring this action in debt and for declaratory relief against the Government and the St. Thomas/St. John Federation of Teachers (Local 1825) (hereafter "Local 1825".)[1]

At all times material to this case, Local 1825 had been the exclusive agent for a bargaining unit of which plaintiffs are all nonunion members. In November of 1980, the Government entered into a collective bargaining agreement (hereafter "Agreement") with Local 1825 which was retroactive to the preceding July, and which covered plaintiffs' bargaining unit. The Agreement contains the following language: "All members of the bargaining unit shall be free not to join the union provided, however, that non-members as a condition of employment, will pay to the union, on a bi-weekly basis, a fee equal to union dues for services rendered by the Union." Agreement, Article V, § 18. The contract also provides that: "Teachers may authorize the deduction of Union dues from their government pay checks. A consent to the deduction must be in writing signed by the teacher." Id., § 6.

In the Virgin Islands, the field of labor-management relations between public employees, such as these, and the Government is regulated by 24 V.I.C. § 361 et seq (hereafter "the Act"). The Act encourages orderly and constructive relations between the Government and its employees, and attempts to set out a framework to do so. The Act provides that unions certified by the Public Employees Relations Board shall exclusively represent all employees in a bargaining unit, whether or not they are members of the union. 24 V.I.C. § 373(2). The Act also contains a provision which allows a union to collect payments in lieu of dues from any nonunion members of the bargaining unit. See id., § 363. Further, it is permissable under the Act for a union to contract with the Government to make employment within the unit conditioned on the payment of these amounts. Id., § 383(d). To facilitate prompt payment of these sums, as well as for the convenience of the employee, the Act provides for a checkoff procedure whereby a union or nonunion employee may, by a signed writing, authorize the Government to deduct these payments from their paychecks, to be later remitted to the union. See id., § 363(d).

---

[1] While plaintiff Larreur was on study leave, thus not employed during trial in this matter, plaintiffs will be referred to collectively.

The basic controversy between the parties centers on the checkoff provisions of the Agreement and the Act. Although plaintiffs never executed a written checkoff authorization, the Government has been withholding payments in lieu of dues from their salaries for the duration of the contract. Plaintiffs argue that because the Act and Agreement give the employees the option whether they shall give the Government written authority to deduct payments from their checks, they therefore have the corresponding option to determine whether they shall become subject to the obligation to pay the fee at all. While we reject this argument, we also reject Local 1825's contention, and the lower court's determination, that the power to elect to authorize a payroll deduction does not grant a commensurate power to prohibit it.

## DISCUSSION

A labor union has essentially two fundamental goals when negotiating a collective bargaining agreement: to seek economic benefits for the members of the bargaining unit while, at the same time, protecting its own status as exclusive representative for the unit. See generally 8 Kheel, Labor Law, § 40.01[1] (1977). The "union security" device utilized in the contract sub judice is in the form of an "agency shop" provision. An "agency shop" agreement is one whereby all employees in a particular bargaining unit, including those not members of the union, are required, as a condition of employment, to pay a fee to the union to assist in defraying the union's expenses as the bargaining agent. NLRB v. General Motors Corp., 373 U.S. 734 (1962); 8 Kheel, supra, n.2. These payments are called "fair share" payments, "service fees" or "payments in lieu of dues" and are usually an amount equivalent to union dues or some proportionate share thereof. See generally 10 Kheel, supra, § 55.04.

The logic behind the assessment of such fees is that:

> a certified labor organization, as sole bargaining agent for all employees in the bargaining unit, is bound by law to negotiate for both union and non-union members; that the negotiations are costly; that it would be manifestly inequitable to permit those who see fit not to join the union to benefit from its services without at the same time requiring them to bear a fair and just share of the financial burdens; and that no member of a bargaining unit, be he a joiner or a nonjoiner, should expect or be allowed a "free-ride."

Town of North Kingston v. North Kingston Teacher's Assoc., 297 A.2d 342, 346 (R.I. 1972); see 24 V.I.C. § 373(a).

While union security arrangements are not as prevalent in collective bargaining agreements involving governmental employees as in the private sector, these arrangements are but a variation of the same concepts. See 10 Kheel, supra, § 55.01. Federal statutes have excepted these union security agreements from the prohibitions against unfair labor practices since the passage of the Wagner Act in 1935. See now Labor Management Relations Act 29 U.S.C. § 158(a)(3) (1970). In N.L.R.B. v. General Motors, supra the Supreme Court approved an "agency shop" arrangement similar to the one at bar as a permissable union security device necessary to eliminate the problem of nonpaying "free riders."

Several jurisdictions have by statute authorized union security clauses in the public sector, with approximately 15 states utilizing an "agency shop" arrangement. See 10 Kheel, supra, §§ 55.01, 55.04, n.1. Case law developed in those jurisdictions is not particularly helpful, however, as the statutes tend to differ materially from the one controlling in this territory. This Court, thus, need only be guided by the language before us. The Act specifically allows for an "agency shop" provision in collective bargaining agreements in the public sector. See 24 V.I.C. § 373(d). The Agreement, pursuant to law, contained the permitted union security clause whereby all nonunion members of the bargaining unit are liable to Local 1825 for payment in lieu of dues. Agreement, Article V, § 6. This Court does not view this language as being inconsistent with that giving the employee the right to authorize a paycheck deduction. Further, we do not see the checkoff election provision in the Act as making the "agency shop" provision found therein a nullity. Cf. 24 V.I.C. §§ 363(d), 373(d).

■   The clauses in the Act and the Agreement granting the employee the right to authorize a paycheck deduction were written as a convenience for the employee, as well as for Local 1825. They facilitate prompt payments of monies owed by offering the employee a choice in how she will pay them. These provisions do not, however, allow her to avoid her contractual liability for such payments by simply withholding her authority from the Government to make the deduction from her checks. Whatever method is chosen, nonunion members of the bargaining unit must tender payments in lieu of dues as a condition of their employment.

## CONCLUSION

■   We come now to the problem of fashioning a suitable remedy. We find the Government's withholding of the payments, in absence

of a signed authorization to do so, to be improper. Notwithstanding this finding, however, we do not view the remedy of reimbursement with interest of the payments withheld as being appropriate. The law will not require a futility. At all times pertinent hereto, plaintiffs have been contractually obligated to Local 1825 to pay, on a bi-weekly basis, the sums unlawfully deducted. See Agreement, Article V, § 18. Their continued employment is even conditioned on their making such payments. Id. Thus, plaintiffs have, as a matter of law, not made out a case for damages. Plaintiffs remained employed while the Government deducted these sums without their approval. This Court must assume, in light of no pleading to the contrary, that plaintiffs would have continued working at their jobs regardless of how they eventually tendered the required bi-weekly payments. In light of this, a retrospective reimbursement order with a remand to determine damages is not warranted.

## ORDER

THIS MATTER is before the Court on Appeal from the Territorial Court. The Court having filed its Memorandum Opinion of even date herewith, and the premises considered, now therefore it is

ORDERED:

THAT the determination in the Territorial Court holding 24 V.I.C. § 373 to be in conflict with 24 V.I.C. § 363 is now and hereby REVERSED; and

THAT the Government is without statutory or contractual authority to withhold payments in lieu of dues from employee's paychecks absent written authority of the employee to do so; and

THAT each party hereto shall bear her own costs and attorney's fees.